## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MADISON DURANT** )
100 N. Indiana Avenue #2 )
Kansas City, Missouri 64123 )
)  Case No.:  2:21-cv-2351
PLAINTIFF, )
vs. )  **Jury Trial Demand**
)
**INGER JULIA MYERS** )
6365 Stevenson St )
Shawnee, KS 66218, )
)
And )
)
**ROBERT WILLIAM ROHLFING** )
6300 West 23rd Street North )
Muskogee, OK 74410, )
)
DEFENDANTS. )

## COMPLAINT

COMES NOW Plaintiff, Madison Durant, by and through her undersigned counsel of record, Philip O. Willoughby, and for her Complaint against Defendants, states to the Court as follows, to wit:

## NATURE OF THE CASE

This is an automobile negligence case,  brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

## RELIEF SOUGHT

2.      Plaintiff seeks monetary relief as a result of Defendants' negligence;  lost wages, special damages, medical expenses, future lost wages, pain and suffering, and compensatory damages, and an award of costs.

## PARTIES

3.      Plaintiff Madison Durant is a resident of Kansas City, Missouri.

4.      Defendant Inger Julia Myers is an individual and resident of Shawnee, Johnson County, Kansas.

5.      Defendant Robert William Rohlfing is an individual and resident of Muskogee, Muskogee County, Oklahoma.

## JURISDICTION AND VENUE

5.      The Plaintiff is a resident of the State of Missouri, Defendant Myers is a resident of the state of Kansas, and Defendant Rohlfing is a resident of the state of Oklahoma.

6.  This court has proper jurisdiction over the persons and subject matter.

7. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

8. Venue is proper in this court on the basis that most of the treating and medical experts are present in the Kansas City metropolitan area, and the Plaintiff and Defendant Myers reside in the Kansas City metropolitan area.

## FACTS OF THE CASE

9. On the 28th day of May, 2018, Plaintiff was a restrained passenger in the rear seat of an automobile owned and driven by Defendant Myers.

10. While traveling in Muskogee County, Oklahoma, east bound on C.R. Fern Mountain Road, Defendant Myers stopped her vehicle in the roadway.

11. While Defendant Myers stopped the vehicle in the roadway, Defendant Rohlfing, driving his vehicle in the same direction as Myers, failed to maintain control of his vehicle, and failed to stop his vehicle and violently collided with the rear of Myers' automobile.

## DEFENDANT MYERS

12. Defendant Myers owed a duty to Plaintiff to operate her vehicle with the highest degree of care.

13. Defendant Myers breached her duty to Plaintiff by failing to operate her vehicle with the highest degree of care.

14. Such actions constitute negligence in the operation of a motor vehicle by Defendant Myers, in ways that include but are not limited to the following:

a)     By failing to obey a traffic control signs;

3

b)     By failing to keep her vehicle under proper control;

c)     By failing to keep a proper lookout;

d)     By failing to yield the right of way;

e)     By being inattentive;

f)     By stopping her vehicle in the roadway in an unsafe manner; and,

g)     By otherwise breaching duties, common law or statutory, relating to the operation of motor vehicles.

h)     By failing to observe due care and precaution to avoid a collision;

i)     By failing to sound a warning;

j)     By failing to swerve, slacken speed, or otherwise take evasive action after the danger was or should have been apparent;

k)     By failing to maintain proper and adequate control of her vehicle.

14.     Plaintiff Durant, restrained in the back seat, was using ordinary care.

15.     As a direct and proximate result of Defendant Myers' negligent actions and omissions, as particularly set forth above, Plaintiff sustained severe, permanent and progressive injuries to her neck, back, shoulders, and arms.

16.     As a direct and proximate result of Defendant Myers' negligent actions and omissions, as particularly set forth above, Plaintiff underwent extensive medical, hospital, nursing, therapeutic, rehabilitative and related care and treatment for which she has incurred expenses in large sums.

17.     As a direct and proximate result of Defendant Myers' negligent actions and omissions, as particularly set forth above, Plaintiff will require further such care and treatment in the future for which she shall expend or become indebted in large sums.

18.     As a direct and proximate result of Defendant Myers' negligent actions and omissions, Plaintiff has endured significant pain and suffering.

19.     As a direct result of the carelessness and negligence of Defendant Myers, Plaintiff has lost wages.

20.     As a direct result of the carelessness and negligence of Defendant Myers, Plaintiff will lose wages in the future, and has sustained an impairment of her earning capacity.

21.     As a direct and proximate result of Defendant Myers' negligence and omissions, Plaintiff will continue to endure significant pain suffering, and loss of enjoyment of her life.

22.     As a direct and proximate result of  Defendant Myers' negligence, Plaintiff suffered damages in excess of $75,000.00.

## **DEFENDANT ROHLFING**

23.     Defendant Rohlfing owed a duty to Plaintiff to operate his vehicle with the highest degree of care.

24.     Defendant Rohlfing breached his duty to Plaintiff by failing to operate his vehicle with the highest degree of care.

25. Such actions constitute negligence in the operation of a motor vehicle by Defendant Rohlfing, in ways that include but are not limited to the following:

a)      By failing to obey a traffic control signs;

b)      By failing to keep her vehicle under proper control;

5

c)      By failing to keep a proper lookout;

d)      By failing to yield the right of way;

e)      By being inattentive;

f)      By stopping his vehicle in the roadway in an unsafe manner; and,

g)      By otherwise breaching duties, common law or statutory, relating to the operation of motor vehicles.

h)      By failing to observe due care and precaution to avoid a collision;

i)      By failing to sound a warning;

j)      By failing to swerve, slacken speed, or otherwise take evasive action after the danger was or should have been apparent;

k)      By failing to maintain proper and adequate control of his vehicle.

26.     Plaintiff Durant, restrained in the back seat, was using ordinary care.

27.     As a direct and proximate result of Defendant Rohlfing's negligent actions and omissions, as particularly set forth above, Plaintiff sustained severe, permanent and progressive injuries to her neck, back, shoulders, and arms.

28.     As a direct and proximate result of Defendant Rohlfing's negligent actions and omissions, as particularly set forth above, Plaintiff underwent extensive medical, hospital, nursing, therapeutic, rehabilitative and related care and treatment for which she has incurred expenses in large sums.

29.     As a direct and proximate result of Defendant Rohlfing's negligent actions and omissions, as particularly set forth above, Plaintiff will require further such care and treatment in the future for which she shall expend or become indebted in large sums.

6

30.     As a direct and proximate result of Defendant Rohlfing's negligent actions and omissions, Plaintiff has endured significant pain and suffering.

31.     As a direct result of the carelessness and negligence of Defendant Rohlfing, Plaintiff has lost wages.

32.     As a direct result of the carelessness and negligence of Defendant Rohlfing, Plaintiff will lose wages in the future, and has sustained an impairment of her earning capacity.

33.     As a direct and proximate result of Defendant Rohlfing's negligence and omissions,  Plaintiff will continue to endure significant pain suffering, and loss of enjoyment of her life.

34.     As a direct and proximate result of  Defendant Rohlfing's  negligence, Plaintiff suffered damages in excess of $75,000.00.

## COUNT I: NEGLIGENCE
### (Inger Myers)

35.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1-34 of Plaintiff's Complaint as if fully set forth herein.

36.     As a result of Defendant's negligent, careless, inattentive operation of her motor vehicle, Plaintiff was caused to suffer bodily injuries and damages including but not limited to past and future pain, suffering, mental anguish, medical expenses, lost wages, and other damages, both economic and non-economic in nature.

WHEREFORE,  Plaintiff Madison Durant  prays judgment against Defendant Inger Myers on Count I of Plaintiff's Complaint in an amount in excess of seventy-five thousand

7

dollars ($75,000.00) as compensatory damages including but not limited to past and future pain, suffering, mental anguish, medical expenses, lost wages, and other damages, both economic and non-economic in nature,  pre-judgment interest, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II: NEGLIGENCE
### (Robert Rohlfing)

37.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1-36 of Plaintiff's Complaint as if fully set forth herein.

38.     As a result of Defendant Rohlfing's negligent, careless, inattentive operation of her motor vehicle, Plaintiff was caused to suffer bodily injuries and damages including but not limited to past and future pain, suffering, mental anguish, medical expenses, lost wages, and other damages, both economic and non-economic in nature.

WHEREFORE,  Plaintiff Madison Durant  prays judgment against Defendant Robert Rohlfing on Count II of Plaintiff's Complaint in an amount in excess of seventy-five thousand dollars ($75,000.00) as compensatory damages including but not limited to past and future pain, suffering, mental anguish, medical expenses, lost wages, and other damages, both economic and non-economic in nature,  pre-judgment interest, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III: NEGLIGENCE Per Se
### (Inger Myers)

39.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1-38 of Plaintiff's Complaint as if fully set forth herein.

40.     Defendant Myers, in her negligent, careless, inattentive operation of her motor vehicle, violated state laws governing the proper operation of motor vehicles on the public roadways that include, but are not limited to:

Following too closely (47 Okl. St. Ann. 11-310 et. seq.)

Failure to Yield (47 Okl. St. Ann 11-403 et. seq.)

Failure to maintain a safe speed to operate in a careful and prudent manner (47 Okl. St. Ann. 11-801 et. seq.)

Driving in a careless manner (47 Okl. St. Ann. 11-901 et. seq.)

Failure to devote full time and attention to driving (47 Okl. St. Ann. 11-901 et. seq.)

Failure to operate a vehicle in a safe manner.

Stopping, standing or parking outside of business or residence district (47 Okl. St. Ann. 11-1001(A)(1) et. seq.)

41.     The statutes violated by Defendant Myers were regarding public safety, the injuries of Plaintiff were the type of injuries intended to be prevented by the statutes, and Plaintiff is a member of the class of persons intended to be protected by the statutes.

42.     As a direct and proximate result of Defendant Myers' negligence, Plaintiff was caused to suffer bodily injuries and damages including but not limited to past and future pain, suffering, mental anguish, medical expenses, lost wages, and other damages, both economic and non-economic in nature.

WHEREFORE,  Plaintiff Madison Durant  prays judgment against Defendant Inger Myers on Count III of Plaintiff's Complaint in an amount in excess of seventy-five thousand dollars ($75,000.00) as compensatory damages including but not limited to past and future pain, suffering, mental anguish, medical expenses, lost wages, and other damages, both economic and

non-economic in nature,  pre-judgment interest, for her costs herein incurred, and for such other

and further relief as the Court deems just and proper under the circumstances.

## COUNT IV: NEGLIGENCE Per Se
### (Robert Rohlfing)

43.     Plaintiff hereby incorporates by reference each and every allegation contained in

Paragraphs 1-42 of Plaintiff's Complaint as if fully set forth herein.

44.     Defendant Rohlfing, in his negligent, careless, inattentive operation of his motor

vehicle, violated state laws governing the proper operation of motor vehicles on the public

roadways that include, but are not limited to:

> Following too closely (47 Okl. St. Ann. 11-310 et. seq.)
>
> Failure to Yield (47 Okl. St. Ann 11-403 et. seq.)
>
> Failure to maintain a safe speed to operate in a careful and prudent manner (47 Okl. St. Ann. 11-801 et. seq.)
>
> Driving in a careless manner (47 Okl. St. Ann. 11-901 et. seq.)
>
> Failure to devote full time and attention to driving (47 Okl. St. Ann. 11-901 et. seq.)
>
> Failure to operate a motor vehicle in a safe manner.

45.     The statutes violated by Defendant Rohlfing were regarding public safety, the

injuries of Plaintiff were the type of injuries intended to be prevented by the statutes, and

Plaintiff is a member of the class of persons intended to be protected by the statutes.

46.     As a direct and proximate result of Defendant Rohlfing's negligence, Plaintiff was

caused to suffer bodily injuries and damages including but not limited to past and future pain,

suffering, mental anguish, medical expenses, lost wages, and other damages, both economic and

non-economic in nature.

WHEREFORE,  Plaintiff Madison Durant  prays judgment against Defendant Rohlfing on Count IV of Plaintiff's Complaint in an amount in excess of seventy-five thousand dollars ($75,000.00) as compensatory damages including but not limited to past and future pain, suffering, mental anguish, medical expenses, lost wages, and other damages, both economic and non-economic in nature,  pre-judgment interest, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances. Further  Plaintiff prays judgment against Defendants Myers and Rohlfing jointly and severally,  for her compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000.00) and other damages, both economic and non-economic in nature,  pre-judgment interest, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**GUNN, SHANK & STOVER, P.C.**

_/s/  PHILIP O. WILLOUGHBY_
Phillip O. Willoughby,          #17611
9800 NW Polo Ave., Suite 100
Kansas City, MO 64153
Phone  (816) 454-5600
Fax     (816) 454-3678
powilloughby@gunnshank.com
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMAND**

Demand is hereby made for trial by jury in this case.

_/S/  PHILIP O. WILLOUGHBY_
PHILIP O. WILLOUGHBY

11